UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MUBASHIR MAQBOOL | CIVIL ACTION |
| VERSUS | NO. 13-552 |
| LOUISIANA PROFESSIONAL ENGINEERING AND LAND SURVEYING BOARD | SECTION "N" (4) |

## ORDER AND REASONS

In this suit, Plaintiff asserts that Defendant's denial of his application for a Louisiana professional engineer's license violates the Privileges and Immunities Clause, the Dormant Commerce Clause, and the Equal Protection Clause of the United States Constitution, and asks the Court to declare Louisiana Revised Statutes 37:388, et seq., unconstitutional. See First Amended Complaint (Rec. Doc. 11). Plaintiff further asks the Court to order Defendant to "issue [a] professional engineering license to [him] without further delay." *Id.* at p. 9. Presently pending before the Court are two motions to dismiss filed by Defendant (Rec. Docs. 6 and 15) and a motion for summary judgment filed by Plaintiff (Rec. Doc. 18). The Court rules on the motions as stated herein.

Addressing Plaintiff's motion for summary judgment first, **IT IS ORDERED** that the motion (Rec. Doc. 18) is **DENIED**. The motion does not demonstrate, as required by Rule 56

1

of the Federal Rules of Civil Procedure, that no genuine dispute of material fact exists and that Plaintiff is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. Rather, the motion essentially simply repeats the factual allegations and generally stated conclusions of law set forth in Plaintiff's original and amended complaints. Further, the motion does not include the supporting memorandum required by Local Rule 7.4 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana.[1]

Turning to Defendant's initial motion to dismiss, and considering Plaintiff's subsequent submission of an amended complaint (albeit without seeking leave of court), along with Defendant's exclusion of its prior defense of insufficient service of process in its (second) motion to dismiss directed to the amended complaint, **IT IS ORDERED** that Defendant's initial motion to dismiss (Rec. Doc. 6) is **DENIED** as **MOOT**.

Regarding Defendant's second motion to dismiss (Rec. Doc. 15), **IT IS ORDERED** that the motion is **GRANTED** to the extent that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. In so ruling, the Court acknowledges, as Defendant emphasizes, that Plaintiff's prior request for licensure by comity was denied on March 16, 2009, more than four years prior to his filing of this action, and that claims asserted under 42 U.S.C. §1983 are subjected to Louisiana's one-year prescription period applicable to tort claims. See, e.g., *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir. 1989). Defendant does not address jurisprudence, however, recognizing the authority of federal courts to address complaints alleging ongoing violations of federal law by a state official in his or her official capacity and seeking relief that is "declaratory or injunctive in nature and

---

[1] These rules may be viewed on the Court's website (www.laed.uscourts.gov) or in the office of the Clerk of Court.

prospective in effect." See *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); see also, e.g., *Verizon Maryland Inc. v. Public Service Commission of Maryland,* 535 U.S. 635, 645-47 (2002) (discussing doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) allowing prayers for injunctive relief against state officials charged with enforcing state law); *Planned Parenthood v. Sanchez*, 405 F.3d 324, 329-335 (5th Cir. 2005) (addressing federal preemption claim seeking injunctive relief); *England v. Louisiana State Board of Medical Examiners*, 259 F.2d 626, 626-27 (5th Cir. 1958) (recognizing federal jurisdiction to consider action for declaratory and injunctive relief asserting federal unconstitutionality of Louisiana statute); *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281, 285-86, 288-90 (5th Cir. 2000) *(Ex Parte Young* doctrine allowing action against state officials for prospective, rather than retrospective relief, not applicable to real property title dispute); *Robicheaux v. Caldwell*, No. 13-5090, 2013 WL 6198279, *3 (E.D. La. 11/27/13) (discussing *Ex Parte Young* doctrine in context of action seeking injunctive relief regarding Louisiana ban on same-sex marriages). Significantly, as reflected in Plaintiff's amended complaint, he maintains that Louisiana's laws governing the licensure of certain types of professional engineers are unconstitutional and seeks equitable relief, not monetary damages. For that reason, the Court, at this juncture, does not dismiss Plaintiff's claims with prejudice.

On the other hand, the authority cited above applies *solely* to requests for prospective relief. As pled, however, Plaintiff's amended complaint seemingly purports to seek injunctive relief relative to an application that was submitted and denied in 2009, rather than alleging the current status of Louisiana's law regarding professional engineering licensing requirements and requesting that Defendant, in prospectively applying and enforcing state law, be restrained from violating federal law. Thus, to the extent that Plaintiff desires to proceed any further with this

action, and can, in good faith, remedy his pleading deficiencies by amending his complaint a second time, he must do so no later than Monday, February 4, 2014.[2] Otherwise, if a second amending complaint is not filed, the Court will simply close the case.

      New Orleans, Louisiana, this 13th day of January 2014.

                              **KURT D. ENGELHARDT**
                              **United States District Judge**

---

[2]   Should Plaintiff file a second amended complaint, the filing would be without prejudice to Defendant's right to thereafter file a dispositive or other responsive motion.