UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MUBASHIR MAQBOOL | CIVIL ACTION |
| VERSUS | NO. 13-552 |
| LOUISIANA PROFESSIONAL ENGINEERING AND LAND SURVEYING BOARD | SECTION "N" (4) |

**ORDER AND REASONS**

Presently before the Court is Defendant's "Motion to Dismiss Second Amended Complaint under Fed. R. Civ. Proc. 12(b)(6)" (Rec. Doc. 32). Having carefully reviewed the parties' submission, as well as the record in this matter, **IT IS ORDERED** that the motion is **GRANTED** to the extent that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Specifically, Plaintiff is allowed twenty (20) days from entry of this order to amend his complaint to name the individual members of the Louisiana Professional Engineering and Land Board ("LAPELS") as defendants, rather than the LAPELS Board. See, e.g, *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998)(recognizing the authority of federal courts to address complaints alleging ongoing violations of federal law by a state *official in his or her official capacity* and seeking relief that is declaratory or injunctive in nature and prospective in effect). Plaintiff also is allowed that same time period to amend his complaint, if he in good faith can do so, to satisfy the legal requirements that he allege (1) "an ongoing violation of federal law," rather than an "one-time, past event", and (2) a reasonable likelihood that "he will be subjected to a similar violation in the

future." See, e.g., *Cantu Services, Inc. v. Roberie*, 535 F. App'x 342, 344-45 (5th Cir. 2013)(citing *Papasan v. Allain,* 478 U.S. 265, 277-78 (1986) (*Ex Parte Young* applies when requested relief will bring an end to present violation of federal law); *Armstrong v. Turner Industries*, 141 F.3d 554, 562-64 (5th Cir. 1998)(standing to seek prospective injunctive relief requires a plaintiff to allege a likelihood that he will suffer an unlawful violation of rights in the future rather than simply alleging future effects of a past violation).

Although Plaintiff points to his January 30, 2014 request for reconsideration of his 2009 license application, that request is insufficient because it seeks to undo a final decision that was made in the past. Nevertheless, should Plaintiff actually intend to re-apply for a Louisiana professional engineering license, i.e., submit a new application, without first taking the "Fundamentals of Engineering" exam, and believe there to be a reasonable likelihood that a future application will be denied for the same reasons as his 2009 application,[1] the Court finds that he should be given a limited opportunity to so allege by amending his complaint.[2]

New Orleans, Louisiana, this 12th day of November 2014.

                                          **KURT D. ENGELHARDT**
                                          **United States District Judge**

---

[1] The Court notes that February 14, 2014 letter to Plaintiff from the Executive Director of the LAPELS Board (Red. Doc. 33-1) emphasizes Plaintiff's failure to have taken and passed the Fundamentals of Engineering examination subsequent to the denial of his 2009 application. As such, it would appear that the Board's rules regarding the prerequisites for a Louisiana professional engineering license have not changed since its consideration and denial of Plaintiff's original application.

[2] Despite his *pro se* status, Plaintiff will not hereafter be given yet another opportunity to amend his pleadings.